Soomi Kim, Esq. (NV Bar. No. 10384)
Email: soomiwork@gmail.com
2400 South College Drive
High Point, NC 27260
Tel. (336) 471-8769

Jeffrey M. Norton, Esq.
Email: jnorton@nflp.com
NEWMAN FERRARA LLP
1250 Broadway, 27th Floor
New York, NY 10001
Tel.: (212) 619-5400
Fax: (212) 619-3090

Werner R. Kranenburg, Esq.
Email: werner@kranenburgesq.com
KRANENBURG
80-83 Long Lane
London EC1A 9ET
United Kingdom
Tel.: +44-20-3174-0365

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN SOLAK, derivatively on behalf of RING ENERGY, INC.,<br><br>Plaintiff,<br><br>LLOYD T. ROCHFORD, KELLY HOFFMAN, DAVID A. FOWLER, STANLEY M. MCCABE, ANTHONY B. PETRELLI and CLAYTON E. WOODRUM,<br><br>Defendants,<br><br>-and-<br><br>RING ENERGY, INC., a Nevada Corporation,<br><br>Nominal Defendant. | Case Number: 3:19-cv-410 |

**VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT FOR BREACH OF FIDUCIARY DUTY, UNJUST ENRICHMENT, AND WASTE OF CORPORATE ASSETS**

Plaintiff, John Solak, by his attorneys, submits this Verified Shareholder Derivative Complaint in the name of, and on behalf of, Nominal Defendant Ring Energy, Inc. ("Ring" or the "Company") against certain directors and officers of for Breach of Fiduciary Duty, Unjust Enrichment, Waste of Corporate Assets, and violations of Section 14(a) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"). Plaintiff alleges the following based upon personal knowledge as to himself and his own acts, and information and belief as to all other matters, based upon, inter alia, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls, and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding the Company, legal filings, news reports, securities analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE AND SUMMARY OF THE ACTION

1.  Ring's Board of Directors (the "Board") has a practice and policy of knowingly and grossly overcompensating its members at a level many multiples higher than even the largest publicly-traded companies, and approximately *six times* higher than the average of similarly-sized, publicly-traded companies (*i.e.*, peers).

2.  Moreover, while it is standard industry practice to exclude executive board members from non-employee director compensation programs, the executive members of Ring's Board (*i.e.*, Kelly Hoffman, Ring's Chief Executive Officer, and David A. Fowler, Ring's President), are compensated both as executives *and* as directors, thereby further increasing their already excessive annual compensation.

3.  To make matters worse, Ring's disclosures concerning director and executive compensation with regard to Hoffman and Fowler are intentionally misleading, incomplete, and/or erroneous, leaving shareholders unable to discern precisely what components of compensation are attributable to their respective roles.

4. Plaintiff brings this action to recoup the excessive compensation being paid to the Director Defendants (defined below), impose meaningful corporate governance reforms that will restrict the Director Defendants' ability to award themselves egregious levels of compensation, align the elements of compensation, including grants of stock and options to purchase the Company's stock, with the Company's long-term interests, bring the Board's director compensation policies and practices in line with industry norms, and correct the Company's misleading disclosures concerning director and executive compensation.

## THE PARTIES

5. Plaintiff John Solak is a resident of the State of New York. Mr. Solak was a shareholder of Ring during the time of the wrongdoing complained of herein, has continuously been a shareholder since that time, and is currently a Ring shareholder.

6. Nominal Defendant Ring is a Nevada corporation with its corporate headquarters located at 901 West Wall Street, 3rd Floor, Midland, TX 79702. Ring is an oil and gas exploration, development and production company. The Company was incorporated on July 30, 2004, and it went public on or around March 29, 2007. It presently trades on NYSE American, the small cap equity market, under the symbol "REI."

7. Defendant Lloyd T. Rochford ("Rochford") is the Chairman of the Board and Chairman of the Compensation Committee.

8. Defendant Kelly Hoffman ("Hoffman") is the Company's Chief Executive Officer and is a director of the Company.

9. Defendant David A. Fowler ("Fowler") is the Company's President and a member of the Board.

10. Defendant Stanley M. McCabe ("McCabe") is a member of the Board and a member of the Board's Compensation Committee.

11. Defendant Anthony B. Petrelli ("Petrelli") is a member of the Board.

12. Defendant Clayton E. Woodrum ("Woodrum") is a member of the Board.

13. The defendants identified in paragraphs 7-12 are referred to collectively as the "Director Defendants."

## JURISDICTION AND VENUE

14. Pursuant to 28 U.S.C. § 1331 and section 27 of the Exchange Act, this Court has jurisdiction over the claims asserted herein for violations of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

15. This Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Ring is incorporated in this District.

## THE DIRECTOR DEFENDANTS ENRICH THEMSELVES, AT THE EXPENSE OF THE COMPANY, WITH GROSSLY EXCESSIVE COMPENSATION

17. In 2017, the latest year for which the Company has reported these annual figures, the Company's Director Defendants were paid an astonishing $725,421 per director on average – an amount significantly exceeding the average total director compensation for 2017 for a director sitting on the board of a Top 200 Company or a large-cap company with a market capitalization of more than $5 billion.[1]

18. Ring, however, is neither Top 200 Company nor a large-cap company. Rather, with a current market capitalization of approximately $220 million, Ring is considered a microcap company and is, in fact, a constituent of the Russell Microcap Index.

19. In relation to its microcap peers, Ring's average total director compensation stands

---

[1] *See* NACD 2017-2018 Director Compensation Report showing average total annual compensation of $280,455 for directors at Top 200 companies (with market caps exceeding $10 billion), and average total compensation of $232,091 for directors at large-cap companies (with market caps between $2.5 billion and $10 billion). For example, in 2018, the average annual total compensation for directors of Exxon Mobil Corporation, an energy company with a market capitalization of over $330 billion (*i.e.*, 1500 times larger than Ring), was only $320,000 per director (*i.e.*, less than half that paid to the Director Defendants).

1  at a level almost *six times* the average.[2] As such, the Director Defendants' compensation is unwarranted and grossly excessive in comparison to other companies of similar size.

20. The level of compensation the Board has awarded and will continue to award itself is harmful to both the Company and its shareholders as it wastes valuable and limited corporate assets.

21. The Director Defendants' compensation has never been approved by Ring stockholders and, in fact, there are no limitations or checks on Board compensation whatsoever. To the contrary, the Board operates under a policy that has no checks, meaningful limitations, or non-discretionary elements, and allows the Director Defendants to freely decide their own compensation and enrich themselves without regard to the Company's interests or performance.

22. For example, on December 9, 2015, Ring issued option awards to all Director Defendants. Merely a month later, on January 13, 2016, the option awards granted were rescinded, except for those granted to Rochford and McCabe, reportedly as the result of a significant decline in the Company's stock price, and the option awards were re-issued as of that date resulting in a higher fair value of the new options than of the original grant. In a transaction in which they stood on both sides and were financially interested, the Director Defendants chose to protect their lavish compensation at the expense of the Company and its stockholders.

23. Moreover, during the past four years, Ring's cumulative losses have far surpassed its profits, including a negative net income applicable to common stockholders of more than $37 million in 2016. Despite incurring large annual losses, the Company's Board has awarded, and continues to award, itself excessive and increasing compensation.

---

[2] *See* NACD 2017-2018 Director Compensation Report showing average total annual compensation of $123,230 for a sample of companies with a market capitalization of between $50 million and $500 million.

24. The Company's shares presently trade below the level of the start of fiscal 2014.



25. Notwithstanding, in formulating its director compensation policy and practices, the Board did not (and does not currently) take into account the Company's losses, market capitalization, share price, or peer group practices. In fact, during the same period, the average total compensation of the Director Defendants was consistently excessive and out of line with the Company's peers, averaging $479,031 a year (*i.e.*, $286,304 per director in 2014, $186,976 per director in 2015, $717,421 per director in 2016, and $725,421 per director in 2017). In each of 2016 and 2017, one of the directors received $1.5 million in annual compensation.

26. Remarkably, in 2017, when the Company recorded $1,753,869 of net income available to common stockholders, the Board awarded itself – and *all* its members – a total compensation in the amount of $4,352,528 (*two and a half times Ring's net income*).

27. Similarly, in 2016, when the Company recorded a net loss, the Director Defendants still awarded themselves a total of $4,304,528 in compensation.

28. The amounts each director, and the Board as a whole, receive in annual compensation are shocking and completely out of line for a microcap corporation – especially for a company performing as poorly as Ring.

29. Ring stands out from its peers (and typical corporate practices) in another troubling way: *all* members of the Board are paid for their service as directors, regardless of whether they are non-employees or executives/employees. Whereas it is customary for non-employee directors, or "outside directors," to be paid for their board service, it is not generally accepted that executives, or "inside directors," are remunerated for such service in *addition* to the salaries, bonuses, and

benefits they receive as employees of a company.

30. Notwithstanding, at Ring, Director Defendants Hoffman (CEO) and Fowler (President), are being paid twice – both as employees of the Company and as members of the Board. This unusual and unjustified practice of double-dipping harms the Company and its stockholders.

31. Furthermore, the Company's disclosures relating to director and executive compensation are, at best, materially misleading. In each of the Company's proxy statements filed with the SEC since 2015, the Company includes tables summarizing the compensation Ring paid its named executive officers and directors during the respective reporting periods.

32. In the "Summary Compensation Table" for each reporting period, executive compensation is broken down under the columns "Salary," "Bonus," "Option Awards," "All Other Compensation," and "Total." For Hoffman and Fowler, the "All Other Compensation" column shows director fees (between $22,500 and $24,000) for every reporting period.

33. In the "Director Compensation Table" for each reporting period, director compensation is broken down under the columns "Fees Earned or Paid in Cash," "Stock Awards" [or "Option Awards"], "All Other Compensation," and "Total." However, in each of those tables, the column "All Other Compensation" is left blank and does not include the executive compensation paid to Hoffman and Fowler.

34. As a result, the Summary Compensation Tables and Director Compensation Tables tables are not only materially misleading and confusing, they do not appear to accurately reflect the total annual compensation paid to Hoffman and Fowler.

35. Moreover, the "Total" compensation of four of the Director Defendants reported for 2017 in the 2018 proxy is incorrect. In 2016, all six Defendant Directors received a monthly stipend of $2,000 (or "Fees Earned or Paid in Cash" in the amount of $24,000 for the year). In 2017, "inside directors" Hoffman and Fowler received a monthly stipend of $2,000 and "outside directors" Rochford, McCabe, Petrelli, and Woodrum received a monthly stipend of $3,000 (or "Fees Earned or Paid in Cash" in the amount of $24,000 and $36,000, respectively, for the year). In 2016, each Director Defendant received a stock award. In 2017, each Director Defendant

received an option award of the exact same value as the stock award received in 2016. The 2017 totals of director compensation for the "outside directors" Rochford, McCabe, Petrelli, and Woodrum, however, are identical to 2016 totals since they erroneously do not reflect the higher amount of stipend paid to each of these four Director Defendants – an error resulting in the underreporting of compensation of $12,000 for each of them and a total director compensation underreporting of $48,000 for the Board for 2017.[3]

36. As a result of the reporting errors, Ring shareholders are being deprived of accurate disclosures regarding the Director Defendants' compensation.

37. In addition to lacking any meaningful limitations, non-discretionary components, or alignment to the long-term interests of Ring and its shareholders – the Company's unchecked, self-dealing, director compensation practices are untenable, waste valuable and limited corporate assets, are subject to misleading and confusing disclosures, and continue to harm the Company and its stockholders.

**Director Compensation Table** [fiscal 2016]

| | Fees Earned or Paid in Cash ($) | Option Awards ($) (1) | All Other Compensation ($) | Total ($) |
|---|---|---|---|---|
| Lloyd T. Rochford | $ 24,000 | $ 1,461,797 | $ - | $ 1,485,797 |
| Stanley M. McCabe | 24,000 | 487,266 | - | 511,266 |
| David A. Fowler | 24,000 | 496,650(8) | - | 520,650 |
| Kelly Hoffman | 24,000 | 740,283(8) | - | 764,283 |
| Clayton E. Woodrum | 24,000 | 487,266(8) | - | 511,266 |
| Anthony B. Petrelli | 24,000 | 487,266(8) | - | 511,266 |

**Director Compensation Table** [fiscal 2017]

| | Fees Earned or Paid in Cash ($) | Stock Awards ($) (1) | All Other Compensation ($) | Total ($) |
|---|---|---|---|---|
| Lloyd T. Rochford | $ 36,000 | $ 1,461,797 | $ - | $ 1,485,797 |
| Stanley M. McCabe | 36,000 | 487,266 | - | 511,266 |
| David A. Fowler | 24,000 | 496,650 | - | 520,650 |
| Kelly Hoffman | 24,000 | 740,283 | - | 764,283 |
| Clayton E. Woodrum | 36,000 | 487,266 | - | 511,266 |
| Anthony B. Petrelli | 36,000 | 487,266 | - | 511,266 |

38. At bottom, Ring's director compensation practices and policies are the antithesis of prudent corporate governance and stewardship and so beyond reason that they could not be carried out in the absence of bad faith.

---

[3] The totals of compensation referred to herein are corrected totals.

**DERIVATIVE AND DEMAND FUTILITY ALLEGATIONS**

39.     Plaintiff brings this action derivatively in the right and for the benefit of Ring to redress injuries suffered, and to be suffered, by the Company as a direct result of breaches of fiduciary duty and unjust enrichment, as well as the aiding and abetting thereof, by the Director Defendants.

40.     Ring is named as Nominal Defendant solely in a derivative capacity.  This is not a collusive action to confer jurisdiction on this Court that it would not otherwise have.

41.     Plaintiff will adequately and fairly represent the interests of Ring in enforcing and prosecuting its rights.

42.     Plaintiff was a shareholder of Ring during the time of the wrongdoing complained of herein, has continuously been a shareholder since that time, and is currently a Ring shareholder.

43.     The current Board of Ring consists of the following six individuals: defendants Rochford, Hoffman, Fowler, McCabe, Petrelli and Woodrum.

44.     Because Director Defendants Rochford and McCabe approved the compensation at issue here and all the Director Defendants receive the challenged compensation, the Director Defendants stand on both sides of the compensation awards. All six Director Defendants received or stand to receive the challenged compensation, and thus derived or stand to derive a personal financial benefit from and had a direct interest in the transactions at issue in this case. Thus, because each of the Director Defendants are financially interested in the transactions challenged herein, demand would be futile.

45.     Further, each of the Director Defendants faces a substantial likelihood of liability, because they have wasted the Company's assets by agreeing to and awarding (or accepting to be awarded) the improper and excessive compensation detailed herein to both themselves, and their fellow Director Defendants.

46.     In fact, on its face, the sheer magnitude of the excessive compensation awards detailed herein (standing at a level approximately six-times that of the Company's peers), overcomes the presumption of good faith codified at NRS 78.138(3). In other words, awarding themselves director compensation so far beyond that of similarly-situated companies, could not

have been an exercise of good faith.

47. Similarly, the compensation the Director Defendants awarded themselves could not have been the result of an informed exercise of business judgment. Had the Director Defendants undertaken a peer analysis (a common and accepted corporate practice), they would not have awarded themselves compensation six-times greater than the average. Accordingly, the NRS 78.138(3) presumption that directors act on an informed basis is rebutted.

48. Alternatively, if the NRS 78.138(3) presumption is not rebutted, then the Director Defendants were aware their compensation was grossly disproportionate to the Company's peers and acted in wilful disregard of that knowledge.

49. Moreover, it could not be, and is not, in the best interests of Ring for the Director Defendants to award themselves such egregious compensation given the Company's years of poor performance and substantial and mounting losses detailed above. In fact, as alleged herein (*see* ¶ 22), the Director Defendants actually recalibrated their stock option awards to protect themselves from poor financial results and declining stock price which resulted from their own mismanagement. Thus, the presumption contained in NRS 78.138(3), which provides that the directors are assumed to have acted in Ring's best interest, is rebutted here, where the Director Defendants have provided themselves grossly excessive compensation to the detriment of the Company.

50. For the foregoing reasons, Plaintiff declined to serve a litigation demand on the Board because it is readily apparent that such an effort would have been futile based upon, *inter alia*:

    (a) the fact that Director Defendants are financially interested in, and stand on both sides of the challenged compensation awards having approved the compensation and being past and future beneficiaries of the challenged compensation; and

    (b) each of the Director Defendants has wasted the Company's assets by accepting (or agreeing to accept) the improper compensation detailed herein as no disinterested director would take advantage of the opportunity to award

compensation far beyond the Company's peers and in utter disregard of the Company's financial performance and market value.

51. Based on the allegations herein, specifically the fact that the Board has approved grossly-excessive compensation for its members without regard to meaningful limits, its peers, or the Company's performance, and without stockholder approval, it is apparent that the Director Defendants are self-interested and could not independently consider a pre-suit demand for litigation because doing so would require them to scrutinize their own conduct. In other words, "[i]t strains reason to [believe] that a defendant–director could act independently to evaluate the merits of bringing a legal action against any of the other defendants if the director participated in the identical challenged misconduct." *In re Inv'rs Bancorp, Inc. Stockholder Litig.*, 177 A.3d 1208, 1226 (Del 2017), *as rev.* (Dec. 19, 2017).

52. Accordingly, demand is futile, and thus, excused.

## FIRST CAUSE OF ACTION

### *Against the Director Defendants for Breach of Fiduciary Duty*

53. Plaintiff incorporates by reference and realleges each and every allegation contained in ¶¶ 1 to 52, as though fully set forth herein.

54. The Director Defendants and each of them, violated their fiduciary duty of loyalty by awarding or receiving excessive and improper compensation at the expense of the Company.

55. As a direct and proximate result of the Director Defendants' breaches of their fiduciary obligations, Ring has sustained significant damages, as alleged herein.

56. As a result of the misconduct alleged herein, the Director Defendants are liable to the Company.

57. Plaintiff, on behalf of Ring, has no adequate remedy at law.

## SECOND CAUSE OF ACTION

### *Against the Director Defendants for Unjust Enrichment*

58. Plaintiff incorporates by reference and realleges each and every allegation contained in ¶¶ 1 to 52, as though fully set forth herein.

59. By their wrongful acts and omissions, the Director Defendants were unjustly

enriched at the expense of and to the detriment of Ring.

60. The Director Defendants were unjustly enriched as a result of the compensation they received while breaching fiduciary duties owed to Ring.

61. Plaintiff, as a shareholder and representative of Ring, seeks restitution from the Director Defendants, and each of them, and seeks an order of this Court disgorging all profits, benefits, and other compensation obtained by these defendants, and each of them, from their wrongful conduct and fiduciary breaches.

62. Plaintiff, on behalf of Ring, has no adequate remedy at law.

### THIRD CAUSE OF ACTION

*Against the Director Defendants for Waste of Corporate Assets*

63. Plaintiff incorporates by reference and realleges each and every allegation contained in ¶¶ 1 to 52, as though fully set forth herein.

64. As a result of the Director Defendants' self-dealing, the Company has wasted its valuable assets by paying the Director Defendants excessive compensation.

65. As a result of the waste of corporate assets, the Director Defendants are liable to the Company.

66. Plaintiff, on behalf of Ring, has no adequate remedy at law.

### FOURTH CAUSE OF ACTION
*Derivatively Against the Director Defendants for Violations of*
*Section 14(a) of the Exchange Act and SEC Rule 14a-9 Promulgated Thereunder*

67. Plaintiff incorporates by reference and realleges each and every allegation contained in ¶¶ 1 to 52, as though fully set forth herein.

68. Rule 14a-9, promulgated pursuant to Section 14(a) of the Exchange Act, provides that no proxy statement shall contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. §240.14a-9.

69. In each of the Ring's annual proxy statements filed with the SEC from 2015 through 2018, the Company's Summary Compensation Tables and Director Compensation Tables are

materially misleading, do not appear to accurately reflect the annual compensation paid to Hoffman and Fowler, and do not appear to correctly attribute what components of compensation are earned in their respective capacities as executives and/or directors.

70. Moreover, the "Total" compensation contained in each proxy statement filed with the SEC from 2015 through 2018 is incorrect, and inaccurately discloses the "Fees Earned or Paid in Cash" to both Hoffman and Fowler, respectively.

71. Thus, Ring's proxy statements violated Section 14(a) of the Exchange Act and Rule 14a-9 by omitting material facts regarding the compensation paid to Hoffman and Fowler.

72. The omission of this material information rendered the 2015, 2016, 2017, and 2018 Proxy Statements materially false and misleading.

73. In the exercise of reasonable care, the Director Defendants should have known that the statements made in the 2015, 2016, 2017, and 2018 Proxy Statements were materially false and misleading and/or that they omitted material information.

74. The Company was damaged as a result of the Director Defendants' material misrepresentations and omissions in the 2015, 2016, 2017, and 2018 Proxy Statements.

75. The Director Defendants must issue corrected proxy statements for the years 2015, 2016, 2017, and 2018, so as to adequately and correctly disclose the amount of the compensation received.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of Ring, demands judgment as follows:

A. Against all of the Director Defendants and in favor of the Company for the amount of damages sustained by the Company as a result of the Director Defendants' breaches of fiduciary duties, unjust enrichment, waste of corporate assets, and violations of Section 14(a) of the Exchange Act;

B. Directing the Board to take all necessary actions to reform and improve its corporate governance, internal procedures, and public disclosures to comply with applicable laws and to protect Ring and its shareholders from a repeat of the damaging events described herein. In particular, the Board must incorporate a meaningful limitation on the compensation it may award

itself, and references to the Company's financial performance and share price development to its compensation plan and then present such changes to the shareholders for a vote;

      C.     Directing the Board to issue corrected proxy statements for the years 2015, 2016, 2017, and 2018, so as to adequately and correctly disclose the amount of the compensation received by Hoffman and Fowler.

      D.     Extraordinary equitable and injunctive relief as permitted by law, equity, and state statutory provisions sued hereunder, including attaching, impounding, imposing a constructive trust on, or otherwise restricting the proceeds of defendants' trading activities or their other assets so as to assure that Plaintiff on behalf of Ring has an effective remedy;

      E.     Awarding to Ring restitution from Director Defendants, and each of them, and ordering disgorgement of all profits, benefits, and other compensation obtained by the Director Defendants;

      F.     Awarding to Plaintiff the costs and disbursements of the action, including reasonable attorneys' fees, accountants' and experts' fees, costs, and expenses; and

      G.     Granting such other and further relief as the Court deems just and proper.

Dated:  July 19, 2019

                                                */s/ Soomi Kim*
                                  Soomi Kim, Esq. (NV Bar. No. 10384)
                                  Email: soomiwork@gmail.com
                                  2400 South College Drive
                                  High Point, NC 27260
                                  Tel. (336) 471-8769

                                  **NEWMAN FERRARA LLP**
                                  Jeffrey M. Norton
                                  Email: jnorton@nfllp.com
                                  1250 Broadway, 27th floor
                                  New York, NY 10001
                                  Tel.: (212) 619-5400

                                  **KRANENBURG**
                                  Werner R. Kranenburg
                                  Email: werner@kranenburgesq.com
                                  80-83 Long Lane
                                  London EC1A 9ET
                                  United Kingdom
                                  Tel.: +44-20-3174-0365

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN SOLAK, derivatively on behalf of RING ENERGY, INC., <br><br> Plaintiff, <br><br> LLOYD T. ROCHFORD, KELLY HOFFMAN, DAVID A. FOWLER, STANLEY M. MCCABE, ANTHONY B. PETRELLI and CLAYTON E. WOODRUM, <br><br> Defendants, <br><br> -and- <br><br> RING ENERGY, INC., a Nevada Corporation, <br><br> Nominal Defendant. | No.: _____ <br><br> **SHAREHOLDER VERIFICATION** |

I, JOHN SOLAK, do hereby verify, under penalty of perjury, as follows:

1. My name is John Solak and I make this Verification in connection with the filing of a Verified Stockholder Derivative Complaint for Breach of Fiduciary Duty, Waste of Corporate Assets, Unjust Enrichment, and violations of Section 14(a) of the Securities Exchange Act of 1934, as amended (the "Complaint") in the above-captioned action.

2. I currently hold shares of Ring Energy, Inc., and have held such shares continuously during the time of the wrongs alleged in the Complaint.

3. I reviewed and authorize the filing of the Complaint against the defendants in this action and I am familiar with the allegations therein.

4. In addition, the allegations in the Complaint as to me and my own actions are true and correct, and, upon information and belief, all other allegations therein are true and correct.

5. Neither I nor anyone else affiliated with me has received, been promised or offered, and will not accept any form of compensation, directly or indirectly, for prosecuting or serving as a representative party in this action except for: (i) such damages or other relief as the Court may award me as a member of the Class; (ii) such fees, costs or other payments as the Court expressly

1 | approves to be paid to me or on my behalf; or (iii) reimbursement, paid by my attorneys, of actual
2 | and reasonable out-of-pocket expenses incurred by me directly in connection with prosecution of
3 | this action.

4 |     I make this Verification under penalty of perjury that the foregoing is true and correct.

6 |     Executed this 8 day of July, 2019.

                                                                        JOHN SOLAK