UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOHN SOLAK, derivatively
on behalf of Ring Energy, Inc.,

Plaintiff,

v.

LLOYD T. ROCHFORD, *et al.*,

Defendants.

and

RING ENERGY, INC.,
a Nevada Corporation,

Nominal Defendant.

Case No. 3:19-cv-00410-MMD-WGC

ORDER

## I. SUMMARY

Plaintiff John Solak brings this derivative action on behalf of Ring Energy, Inc. ("Ring") against its directors, Lloyd T. Rochford, Kelly Hoffman, David A. Flower, Stanley M. McCabe, Anthony B. Petrelli, and Clayton E. Woodrum (collectively, "Defendants"). Before the Court is Defendants' motion to dismiss (ECF No. 22) pursuant to Rules 12(b)(6) and 23.1 of the Federal Rules of Civil Procedure ("Motion").[1] For the reasons explained below, the Court grants the Motion but also grants leave for Plaintiff to amend.

## II. BACKGROUND

The following facts are alleged in the Complaint. (ECF No. 1.)

///

///

---

[1]The Court has also reviewed the briefs relating to the Motion. (ECF Nos. 28, 29.)

Plaintiff was a Ring shareholder at the time of the alleged misconduct and has continuously been a shareholder to this day. (*Id.* at 3.) In addition to being directors at Ring, Hoffman is the chief executive officer ("CEO") and Fowler is the president. (*Id.*)

Ring is an oil and gas exploration, development and production corporation. (*Id.* at 3.) It is also a small, microcap company with approximately a current market capitalization of approximately $220 million. (*Id.* at 4.) In 2017, Ring excessively compensated Defendants at an average of $725,421 per director, approximately six times higher than the average compensation for directors at similarly-sized, publicly-traded companies. (*Id.* at 4-5.) Moreover, Defendants' earnings exceeded the 2017-2018 average compensation of $280,455 for directors at the top 200 companies with market caps exceeding $10 billion. (*Id.* at 4.) Even though Ring recorded a net income of $1,753,869 in 2017, Defendants in total were compensated $4,352,528. (*Id.* at 6.) In 2016, Ring recorded a net loss but compensated Defendants a total of $4,304,528. (*Id.*)

As a matter of practice, corporations do not additionally compensate directors for any work they perform as the corporation's executive or employee. (*Id.* at 6.) But Ring compensates Hoffman and Fowler twice, both as executives and directors. (*Id.* at 7.) Ring has failed to disclose this fact in its proxy statements that it filed with the Securities and Exchange Commission (the "SEC") for 2015 through 2018. (*Id.*) Moreover, the proxy statement for 2017 incorrectly reports the total compensation of four directors, Rochford, McCabe, Petrelli, and Woodrum. (*Id.* at 7.) Even though each of these Defendants' monthly stipends of $2,000 in 2016 increased to $3,000 in 2017, the total compensation amounts reported for both 2016 and 2017 remained the same despite there being no other changes to these Defendants' compensation. (*Id.* at 8.) This error resulted in an underreporting of $48,000 in total director compensation for 2017. (*Id.*)

Ring also issued option awards to Defendants on December 9, 2015, rescinded it for everyone except Rochford and McCabe, and then reissued the option awards after a significant decline in Ring's stock prices. (*Id.* at 5.) This resulted in a higher value of the new options than compared to the original options. (*Id.*)

Rochford and McCabe, as members of the board's compensation committee (*id.* at 3), approved the directors' compensation and therefore stood on both sides of the compensation awards (*id.* at 9). Furthermore, all Defendants received or stand to receive a personal financial benefit from the excessive compensation. (*Id.*)

Plaintiff asserts derivative claims for (1) breach of the fiduciary duty of loyalty, (2) unjust enrichment, (3) waste of corporate assets, and (4) violation of Section 14(a) of the Securities and Exchange Act and SEC Rule 14a-9 (collectively the "Securities Law"). (*Id.* at 11-13.)

## III.  LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts
///

that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

When a court grants a motion to dismiss, it must then decide whether to grant leave to amend. A court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## IV.   DISCUSSION

Defendants argue that the Complaint does not meet the requirements established under Federal Rule of Civil Procedure 23.1 and Nevada law. (ECF No. 22 at 2.) According to Defendants, Plaintiff failed (1) to set forth the specific date on which Plaintiff first acquired shares of Ring stock and (2) to sufficiently allege the futility of making a pre-suit demand on Defendants. (*Id.*) Plaintiff concedes the first argument. The Court will therefore address only the second argument as to demand futility.

Rule 23.1 provides that a shareholder must either demand action from the corporation's directors before filing a derivative action or plead with particularity the reasons why such demand would have been futile. *Arduini v. Hart*, 774 F.3d 622, 628 (9th Cir. 2014). Here, Plaintiff must satisfy Rule 23.1's requirement through the latter option.[2]

///

---

[2] Plaintiff alleges he did not serve a demand on Ring. (ECF No. 1 at 10.)

4

To show that demand would have been futile, Plaintiff must allege particularized facts that raise a reasonable doubt as to whether (1) the directors are disinterested and independent or (2) the challenged transaction was the result of a valid business judgment. *Shoen v. SAC Holding Corp.,* 137 P.3d 1171, 1182 (2006), *abrogated on other grounds by Chur v. Eighth Judicial Dist. Court in & for Cty. of Clark,* 458 P.3d 336 (2020).[3] Plaintiff must additionally satisfy NRS § 78.138(7) by alleging that:

> (1) The director's or officer's act or failure to act constituted a breach of his or her fiduciary duties as a director or officer; and
> (2) *Such breach involved intentional misconduct, fraud or a knowing violation of law.*

(ECF No. 22 at 6-7; ECF No. 28 at 5.) *See* NRS § 78.138(7) (emphasis added).[4]

Defendants argue that (1) Plaintiff's allegations of excessive compensation fall short of NRS § 78.138(7)(2), and (2) Plaintiff has not alleged demand futility whatsoever as to the Securities Law claim. (ECF No. 22 at 6-8.) Plaintiff counters with two points, relying on a state district court case, *Bedore v Familian*, Case No. A465656, 2003 WL 25788478 (Nev. Eighth Jud. Dist. Ct. Oct. 24, 2003). Plaintiff contends that Defendants' compensation is excessive and therefore taken in bad faith (ECF No. 28 at 5-8), and Defendants' excessive compensation gives rise to demand futility, which extends to Plaintiff's offshoot claim under the Securities Law (*id.* at 8).[5] The Court find that *Bedore* is factually distinguishable and will reject Plaintiff's arguments.

In *Bedore*, a Nevada trial court found that a president and secretary/treasurer awarded themselves excessive salaries in total of $425,000 where "[e]mployees who do

---

[3]Because Ring is incorporated in Nevada (ECF No. 1 at 3), Nevada law defines demand futility in this case. *See Arduini*, 744 F.3d at 628.

[4]*Shoen,* 137 P.3d at 1184 (applying NRS § 78.138(7) to claims for breach of fiduciary duty of loyalty).

[5]The Court points out for Plaintiff's benefit that his second argument runs contrary to Rule 23.1's express requirement that a shareholder "state with particularity" their basis for asserting demand futility. Fed. R. Civ. P. 23.1. In other words, demand futility cannot be implied from the allegations in the Complaint.

comparable work in similar corporations in the same industry receive far less"—approximately $200,000 in one example. *Bedore*, 2003 WL 25788478. More importantly, the court emphasized that the defendants had no special ability of value to the corporation, and their duties and responsibilities were not difficult and do not take a substantial amount of time. *Id.* The defendants did not oversee any employees in their three-person corporation and the corporation subcontracted out all the actual work and services to another company. *Id.* As such, the court found that the defendants' salaries were unreasonable, taken in bad faith, and therefore intentional misconduct. *Id.*; *see also Bedore v. Familian*, 125 P.3d 1168, 1172-74 (Nev. 2006) (affirming the trial court's findings and injunction ordering the executives to return the excess salaries).

Unlike *Bedore*, Plaintiff has not plausibly alleged excessive compensation. Plaintiff compares Defendants' compensation to that of directors of other microcap companies (ECF No. 28 at 7), but that alone does not show that the other directors do comparable work in the same industry. In addition, there is no allegation that Defendants performed no work for Ring, that they have no special ability of value, or that their tasks are brief or easy to allow for a plausible inference of excess compensation. Without more, the Court cannot infer that Defendants' compensation was unreasonable, excessive, or taken in bad faith.

Accordingly, the Court grants the Motion as to all Plaintiff claims. However, the Court grants leave to amend because the Court cannot find that amendment would be futile.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

///

///

It is therefore ordered that Defendants' motion to dismiss (ECF No. 22) is granted. The claims alleged in the Complaint are dismissed without prejudice and with leave to amend. Plaintiff will have 15 days from the date of this order to file an amended complaint to cure the deficiencies of the claims as discussed herein. Plaintiff's failure to timely file an amended complaint will result in dismissal of Plaintiff's claims with prejudice.

DATED THIS 14th day of April 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE