UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN SOLAK, derivatively on behalf of Ring Energy, Inc., <br><br> Plaintiff, <br><br> v. <br><br> LLOYD T. ROCHFORD, *et al.*, <br><br> Defendants. <br><br> and <br><br> RING ENERGY, INC., a Nevada Corporation, <br><br> Nominal Defendant. | Case No. 3:19-cv-00410-MMD-WGC <br><br> ORDER |

**I.   SUMMARY**

Plaintiff John Solak brings this derivative action on behalf of Ring Energy, Inc. ("Ring") against its directors.[1] Before the Court is Defendants' motion to dismiss (the "Motion") (ECF No. 48) the first amended complaint ("FAC") (ECF No. 42) under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 23.1[2] For the reasons explained below, the Court grants the Motion under Rule 12(b)(1).

**II.   BACKGROUND**

Plaintiff filed this action against Defendants, minus Roesener (collectively "Initial Defendants"), who Plaintiff later added as a defendant in the FAC (ECF No. 42 at 3). Initial

---

[1] These directors are Lloyd T. Rochford, Kelly Hoffman, David A. Flower, Stanley M. McCabe, Anthony B. Petrelli, Clayton E. Woodrum, and Regina Roesener (collectively, "Defendants").

[2] The Court has also reviewed the briefs relating to the Motion. (ECF Nos. 28, 29.)

Defendants filed their motion to dismiss (ECF No. 22) the original complaint because Plaintiff failed (1) to set forth the specific date on which Plaintiff first acquired shares of Ring stock and (2) to sufficiently allege demand futility. (ECF No. 40 at 4.) Because Plaintiff conceded the first argument (*id.*), the Court addressed the second argument, agreed with Defendants, and dismissed the original complaint with leave to amend. (*Id.* at 6.)

The FAC essentially alleges that between 2013 and 2018, Defendants excessively compensated themselves and that Ring failed to disclose such compensation in proxy statements that it filed with the Securities and Exchange Commission (the "SEC"). (ECF No. 42 at 4-10.) The FAC alleges for the first time that Roesener was appointed to Ring's board in September 2019 and that Ring filed a misleading proxy statement for 2018 in November 2019. (ECF No. 42 at 5, 9, 10, 13.) Plaintiff asserts derivative claims for (1) breach of the fiduciary duty of loyalty, (2) unjust enrichment, (3) waste of corporate assets, and (4) violation of Section 14(a) of the Securities and Exchange Act and SEC Rule 14a-9 (collectively the "Securities Law"). (*Id.* at 14-16.)

### III. LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *See McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Plaintiff's burden is subject to a preponderance of the evidence standard. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

Federal courts are courts of limited jurisdiction. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). A federal court is presumed to lack jurisdiction in a case unless the contrary affirmatively appears. *See Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "Because subject matter jurisdiction goes to the power of the court to hear a case, it is a threshold issue and may

be raised at any time and by any party." *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004) (citing Fed. R. Civ. P. 12(b)(1)). The party invoking federal jurisdiction, here Plaintiff, bears the burden of establishing the constitutional minimum of standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). To establish standing, the plaintiff must have personally suffered an injury in fact—an invasion of a legally protected interest. *Id.* Furthermore, standing must be established at the time the complaint is filed to confer jurisdiction. *See Lujan*, 504 U.S. at 606.

**IV.   DISCUSSION**

Defendants argue that: (1) Plaintiff lacks standing because he did not own shares of Ring stock at the time of Defendants' alleged misconduct; (2) Plaintiff failed to allege demand futility; (3) Plaintiff failed to rebut the business judgment rule; and (4) Plaintiff's allegations pre-date Roesener's appointment to the board and thus all claims against her must be dismissed. (ECF No. 48 at 5-10) Because the Court agrees with Defendants' first argument, the Court declines to address the remaining arguments.

To have standing to bring a derivative action, Rule 23.1 requires that "a derivative plaintiff be a shareholder at the time of the alleged wrongful acts and that the plaintiff retain ownership of the stock for the duration of the lawsuit." *Lewis v. Chiles*, 719 F.2d 1044, 1047 (9th Cir. 1983). Because "the general rule of American law is that the board of directors controls a corporation . . . strict compliance with Rule 23.1 and the applicable substantive law is necessary before a derivative suit can wrest control of an issue from the board of directors." *Potter v. Hughes,* 546 F.3d 1051, 1058 (9th Cir. 2008)

Defendants argue that Plaintiff lacks standing because Plaintiff's claims are predicated on transactions and conduct that occurred between 2013 and 2018, but Plaintiff allegedly purchased Ring stock on January 22, 2019. (ECF No. 48 at 6.) Plaintiff counters that the FAC explicitly alleges that "Plaintiff was a shareholder of Ring during the time of the wrongdoing complained of herein, has continuously been a shareholder since that time, and is currently a Ring shareholder." (ECF No. 51 at 9 (citing to ECF No. 42 at 3).) Yet, Plaintiff repeatedly admits that he became a shareholder in January 2019. (*Id.*)

3

1  Plaintiff also argues that, even if the transactions complained of occurred before Plaintiff
2  became a Ring shareholder, the continuing wrong doctrine confers Plaintiff standing
3  where the alleged wrong before the stock acquisition continues after he becomes a
4  shareholder. (*Id.* at 10-11.) Defendants reply that courts have struggled to find any case
5  law demonstrating that the Ninth Circuit had adopted the continuing wrong doctrine. (*Id.*
6  at 5.) *See Sokolowski ex rel. Las Vegas Sands Corp. v. Adelson*, Case No. 2:14-cv-111
7  JCM NJK, 2014 WL 3748191, at *3 (D. Nev. July 30, 2014) ("[T]he court's own review
8  produced little case law demonstrating the Ninth Circuit's adoption of the continuing wrong
9  doctrine."); *Sprando ex rel. Int'l Game Tech. v. Hart*, Case No. 3:10-cv-00415-ECR, 2011
10 WL 3055242, at *3 (D. Nev. July 22, 2011) ("We are unable to find support in this Circuit
11 that the continuing wrong exception is applicable."). The Court agrees with Defendants.

12 Plaintiff effectively concedes that he was not a Ring shareholder at the time of
13 Defendants' alleged misconduct. (*See* ECF No. 51 at 9.) Moreover, Plaintiff has not
14 provided any caselaw showing that the Ninth Circuit has adopted continuing wrong
15 doctrine.[3] Instead, Plaintiff cited to opinions that rely on caselaw outside the Ninth Circuit.
16 (*Id.* at 10-11.) *See Myers v. Alstead*, Case No. C16-1580 RAJ, 2017 WL 3872408, at *2-
17 3 (W.D. Wash. Sept. 5, 2017) (citing to a federal district case in Delaware, a Delaware
18 state case, and cases from the Second and Fifth Circuits); *Bilunka v. Sanders,* Case No.
19 C 93-20737 JW, 1994 WL 447156, at *2 (N.D. Cal. Mar. 1, 1994) (citing to a federal district
20 case in Delaware). Because the Ninth Circuit has required strict compliance with Rule
21 23.1, the Court declines to adopt the continuing wrong doctrine here. Furthermore, such
22 approach is consistent with the Supreme Court's announcement that "[a] shareholder
23 derivative action is an *exception* to the normal rule that the proper party to bring a suit on
24 behalf of a corporation is the corporation itself." *Daily Income Fund, Inc. v. Fox*, 464 U.S.
25 523, 542 (1984) (emphasis added).

---

[3] In support of the continuing wrong exception, Plaintiff puzzlingly cites to dicta in *Gascue v. Saralegui Land & Livestock Co.*, 255 P.2d 335, 337 (Nev. 1953), but the Nevada Supreme Court in that case held that a stockholder lacked standing to bring derivative claims. (ECF No. 51 at 10.)

4

The Court therefore finds that, at the time Plaintiff filed his original complaint on July 2019, Plaintiff lacked standing to bring his derivative claims. *See Lujan*, 504 U.S. at 606. As such, the Court must also dismiss Plaintiff's claims against Roesener—who was appointed to Ring's board in September 2019—and any claims predicated on Ring's 2018 proxy statement that it filed in November 2019. *See id.* Plaintiff cannot rely on his 2019 claims to "retroactively confer standing upon [himself]." *Heizer v. Zephyr Heights Gen. Improvement Dist.,* Case No. 3:18-cv-606-MMD-CLB, 2019 WL 6529085, at *2 (D. Nev. Dec. 4, 2019).

Accordingly, the Court grants the Motion. Moreover, the Court denies leave to amend because amendment would be futile—Plaintiff already had an opportunity to cure the standing deficiency (ECF No. 40 at 4, 6) but has shown that he cannot (*see* ECF No. 51 at 9). *See* Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## V.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Defendants' motion to dismiss (ECF No. 48) the first amended complaint is granted.

The Clerk of Court is directed to enter judgment in accordance with this order and to close this case.

DATED THIS 3rd day of September 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

5