UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN SOLAK, derivatively on behalf of Ring Energy, Inc., | Case No. 3:19-cv-00410-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| LLOYD T. ROCHFORD, *et al.*, | |
| Defendants. | |
| and | |
| RING ENERGY, INC., a Nevada Corporation, | |
| Nominal Defendant. | |

## I.  SUMMARY

Plaintiff John Solak brings this derivative action on behalf of Ring Energy, Inc. ("Ring") against its directors.[1] Before the Court is Plaintiff's motion to reconsider (ECF No. 55 (the "Motion")) the Court's prior order (ECF No. 53 ("Order")) dismissing Plaintiff's first amended complaint (ECF No. 42 ( "FAC")) for lack of standing under Federal Rules of Civil Procedure 12(b)(1) and 23.1.[2] Because the Court is persuaded it clearly erred in dismissing the FAC in its entirety—and as further explained below—the Court will grant the Motion and allow Plaintiff to proceed only to the extent his claims are based on alleged misconduct that occurred after January 22, 2019, when Plaintiff purchased Ring stock.

---

[1]These directors are Lloyd T. Rochford, Kelly Hoffman, David A. Fowler, Stanley M. McCabe, Anthony B. Petrelli, Clayton E. Woodrum, and Regina Roesener (collectively, "Defendants"). (ECF No. 42 at 3.)

[2]Defendants filed a response (ECF No. 56), and Plaintiff filed a reply (ECF No. 57).

## II. BACKGROUND

The Court incorporates by reference the procedural history of this case recited in the background section of the Order, and does not recite it here. (ECF No. 53 at 1-2.) In the Order, the Court dismissed the FAC because it found that Plaintiff lacked standing, as Plaintiff did not own shares of Ring stock at the time of Defendants' alleged misconduct. (*Id.* at 3, 5.) More specifically, after rejecting Plaintiff's attempted reliance on the continuing wrong doctrine,[3] the Court dismissed this case because it found that Plaintiff did not have standing to bring his derivative claims at the time he filed his original complaint in July 2019. (*Id.* at 3-5.) The Court continued:

> As such, the Court must also dismiss Plaintiff's claims against Roesener—who was appointed to Ring's board in September 2019—and any claims predicated on Ring's 2018 proxy statement that it filed in November 2019. *See id.* Plaintiff cannot rely on his 2019 claims to "retroactively confer standing upon [himself]."

(*Id.* at 5 (citation omitted).) The Court also explained in the Order that it construed Plaintiff's FAC as alleging misconduct that occurred between 2013 and 2018, which could not give him standing to sue given his other allegation that he did not purchase Ring stock until January 22, 2019. (*Id.* at 3-4.)

## III. LEGAL STANDARD

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003) (citation omitted). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). But "[a] motion for reconsideration is not an avenue to re-litigate the same issues and

---

[3]As Plaintiff continues to press this argument (ECF No. 55 at 4 n.1), the Court notes that it maintains it correctly decided this issue. Thus, this order should not be interpreted as an endorsement of the continuing wrong doctrine.

arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005) (citation omitted).

## IV.   DISCUSSION

Primarily relying on *Northstar Financial Advisors Inc. v. Schwab Investments*, 779 F.3d 1036, 1044 (9th Cir. 2015), Plaintiff argues the Court clearly erred in dismissing his case because the Court should have assessed whether he had standing based on allegations included for the first time in his FAC, not simply whether he had standing at the time he filed his case. (ECF No. 55 at 2.) Defendants of course counter the Court did not err in dismissing Plaintiff's case. (ECF No. 56.) However, Plaintiff has persuaded the Court that it erred—in part—in dismissing Plaintiff's entire case.

The Court only erred in part because Plaintiff lacks standing to sue based on alleged misconduct that occurred before he purchased Ring stock—on January 22, 2019.[4] (ECF No. 53 at 3.) However, upon reviewing *Northstar*,[5] the Court agrees with Plaintiff he has standing to sue for alleged misconduct described in his FAC that occurred after he purchased Ring stock—specifically, his allegations "that Roesener was appointed to Ring's board in September 2019 and that Ring filed a misleading proxy statement for 2018 in November 2019."[6] (*Id.* at 2.) *Northstar* explains that a lack of subject-matter jurisdiction should be treated like any other defect for purposes of defining the proper scope of supplemental pleading, and thus permits plaintiffs to cure standing defects through an amended complaint under Fed. R. Civ. P. 15(d). *See* 779 F.3d at 1043-44. *Northstar*

---

[4]And on this point the Court agrees with Defendants, who make this argument throughout their response to Plaintiff's Motion. (ECF No. 56.) Plaintiff cannot pursue any claims based on alleged misconduct that occurred before January 22, 2019, because he lacks standing to do so.

[5]Plaintiff did not rely on *Northstar* in opposing Defendants' motion to dismiss his FAC. (ECF No. 51.)

[6]Similarly, the Court will permit Plaintiff to pursue his claims for prospective relief to the extent that relief is tailored to remedying alleged misconduct that occurred after he became a Ring shareholder. (ECF No. 55 at 3 (stating Plaintiff seeks prospective relief).)

teaches that the Court should have evaluated Plaintiff's standing based on his allegations in his FAC, not his original complaint.

Unlike his original complaint, Plaintiff's FAC states that he purchased Ring stock on January 22, 2019 (ECF No. 42 at 3),[7] and includes allegations of misconduct based on events that occurred later in 2019 (*see id.* at 5, 9-10, 13). As noted, *Northstar* compels the Court to permit Plaintiff to proceed on his claims based on these events. And incidentally, this additional allegation of the specific date Plaintiff purchased Ring stock also suggests he had standing to sue at the time he filed this case in July 2019, which is after he had purchased Ring stock. (ECF No. 1.) In sum, the Court is convinced it erred, but only as to alleged misconduct postdating Plaintiff's purchase of Ring stock.

The Court also finds Defendants' attempts to distinguish the cases Plaintiff relies on in his Motion unpersuasive. (ECF No. 56 at 4-5.) In gist, Defendants argue Plaintiff's cases proffered in his Motion are distinguishable because they all address "events occurring after a plaintiff has filed an initial complaint which specifically relate to plaintiff's standing or confer standing on the plaintiff[,]" not simply a pleading error on Plaintiff's part,[8] which is what happened here. (*Id.* (emphasis omitted).) But *Northstar* counsels the Court to be flexible, elevate substance over form, and allow Plaintiff to cure pleading defects through supplemental pleadings. *See* 779 F.3d at 1044-46. Allowing Plaintiff to proceed on his claims to the extent they are based on misconduct that postdates his purchase of Ring stock better heeds that counsel, instead of having this "case turn on the technical distinction between a new complaint and a supplemental pleading[.]" *Id.* at 1047.

---

[7]Despite this more specific allegation, Plaintiff also continues to allege that he "was a shareholder of Ring during the time of the wrongdoing complained of herein, has continuously been a shareholder since that time, and is currently a Ring shareholder." (ECF No. 42 at 11.) That allegation is clearly irreconcilable with his allegation that he purchased Ring stock in January 2019, because much of the other misconduct alleged in the FAC spanned from 2013-2018.  (*See generally id.*)

[8]This is because it appears Plaintiff could have alleged the specific date he purchased Ring stock all along, and targeted his other allegations at events that postdated his stock purchase.

4

The Court will thus grant the Motion in pertinent part.

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Plaintiff's motion for reconsideration (ECF No. 55) is granted in part. Plaintiff may proceed on the claims in his FAC only to the extent his claims are based on alleged misconduct that occurred after January 22, 2019, when Plaintiff purchased Ring stock. It is otherwise denied.

It is further ordered that the Court's judgment (ECF No. 54) dismissing this case is vacated.

DATED THIS 18th Day of December 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE