THE O'MARA LAW FIRM, P.C.
David C. O'Mara, Esq. (NV BAR 08599)
311 E. Liberty Street
Reno, NV 89501
Tel.: 775.323.1321
Fax:775.323.4082
david@omaralaw.net

NEWMAN FERRARA, LLP
Jeffrey M. Norton, Esq. (Admitted *Pro Hac Vice*)
Benjamin D. Baker, Esq. (Admitted *Pro Hac Vice*)
1250 Broadway, 27th Floor
New York, NY 10001
Tel.: 212.619.5400
Fax: 212.619.3090
jnorton@nflp.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JOHN SOLAK, derivatively on behalf of RING ENERGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> LLOYD T ROCHFORD, KELLY HOFFMAN, DAVID A. Fowler, STANLEY M. MCCABE, ANTHONY B. PETRELLI and CLAYTON E. WOODRUM, <br><br> Defendants. <br><br> -and- <br><br> RING ENERGY, INC., a Nevada Corporation <br><br> Nominal Defendant. | Case No. 3:19-cv-00410-MMD-CSD <br><br> **SCHEDULING ORDER WITH RESPECT TO NOTICE AND SETTLEMENT HEARING** |

WHEREAS, the Parties to the above-captioned action (the "Action") have entered into a Stipulation of Compromise and Settlement dated May 25, 2022 (the "Stipulation"), which sets forth the terms and conditions for the proposed settlement and dismissal with prejudice of the Action (the "Settlement"), subject to review and approval by this Court pursuant to Fed. R. Civ. P. 23.1 and upon notice of the current stockholders of nominal defendant Ring Energy, Inc. ("Ring" or the "Company");

WHEREAS, the Court has read and considered the Stipulation and the accompanying documents; and

WHEREAS all Parties have consented to the entry of this Order.

NOW, upon application of the Parties, after review and consideration of the Stipulation filed with the Court and the exhibits annexed thereto,

IT IS HEREBY ORDERED this 2nd day of ___June___, 2022 as follows:

1. For purposes of this Scheduling Order, the Court incorporates by reference the definitions in the Stipulation and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation unless otherwise defined herein.

2. A hearing (the "Settlement Hearing") shall be held on ___August 9___, 2022 at 9:00 a.m., in the Bruce R. Thompson Federal Courthouse, 400 S. Virginia St., Reno, Nevada, 89501, or via Zoom to: (i) determine whether the proposed Settlement, on the terms and conditions provided for in the Stipulation, is fair, reasonable, and adequate and in the best interests of Ring and its current stockholders; (ii) determine whether the Court should finally approve the Stipulation and enter the Order and Final Judgment (the "Judgment") as provided in the Stipulation, dismissing the Action with prejudice and extinguishing and releasing the Released Claims; (iii) hear and determine any objections to the proposed Settlement; (iv) determine whether the Court should

approve Plaintiff's Fee and Expense Application and Incentive Award for Plaintiff; (v) rule on such other matters as the Court may deem appropriate.

3.      The Settlement Hearing may be adjourned by the Court from time to time without further notice to anyone other than the Parties to the Action and any Objectors (as defined herein).

4.      The Court reserves the right to approve the Stipulation at or after the Settlement Hearing with such modifications as may be consented to by the Parties and without further notice.

5.      The Court approves, in form and content, the Notice of Pendency of Settlement of Derivative Action (the "Notice") filed by the Parties with the Stipulation as Exhibit B and finds that the giving of notice substantially in the manner set forth herein meets the requirement of Fed. R. Civ. P. 23.1 and due process, and is the best notice practicable under the circumstances.

6.      Within fourteen (14) business days after the entry of this Scheduling Order, Ring shall mail or cause to be mailed the Notice, substantially in the form filed herewith, to all record Ring stockholders at their respective addresses currently set forth in Ring's stock records.  All record holders who were not also the beneficial owners of the shares of Ring common stock held by them of record shall be requested to forward the Notice to the beneficial owners of those shares.  The Company shall use reasonable efforts to give notice to such beneficial owners by: (i) making additional copies of the Notice available to any record holder who, prior to the Settlement Hearing, requests the same for distribution to beneficial owners, or (ii) mailing or causing to be mailed additional copies of the Notice to beneficial owners as reasonably requested by record holders who provide names and addresses for such beneficial holders.  Ring, on behalf of the Individual Defendants, shall be responsible for all costs associated with the mailing of the Notice.  If additional notice is required by the Court, then the cost and administration of such additional notice will be borne by Ring on behalf of the Individual Defendants.

7.      Within ten (10) business days after the entry of this order, Newman Ferrara LLP shall post copies of the Notice and the Stipulation on its website (www.nfllp.com).

8.      Ten (10) business days prior to the Settlement Hearing, Defendants' Counsel shall serve on counsel in the Action and file with the Court an appropriate affidavit with respect to the preparation and mailing of the Notice, and Plaintiff's Counsel shall serve on counsel in the Action and file with the Court an appropriate affidavit with respect to posting of the Notice and Stipulation.

9.      As set forth in the Notice, any record or beneficial stockholder of Ring who objects to the Stipulation, the proposed Judgment to be entered, the Fee and Expense Application, and/or the Incentive Award for Plaintiff who wishes to be heard ("Objector"), may appear in person or by his, her, or its attorney at the Settlement Hearing and present any evidence or argument that may be proper and relevant; provided, however, that no Objector shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon, unless he, she, or it has, no later than ten (10) calendar days before the Settlement Hearing (unless the Court in its discretion shall thereafter otherwise direct, upon application of such person and for good cause shown), filed with the Clerk of Court for the United States District Court for the District of Nevada, Bruce R. Thompson Federal Courthouse, 400 S. Virginia St., Reno, Nevada, 89501, and served (electronically through the Court's electronic filing system, by hand, or by overnight mail) on Plaintiff's Counsel and Defendants' Counsel, at the addresses listed below, the following: (i) proof of current ownership of Ring stock; (ii) a written notice of the Objector's intention to appear, including identifying, if represented, the Objector's counsel; (iii) a detailed statement of the objections to any matter before the Court; and (iv) a detailed statement of all of the grounds thereon and the reasons for the Objector's desire to appear and to be heard, as well as all documents or writings which the Objector desires the Court to consider.  In addition to the aforementioned Court address, the addresses to which such information should be sent

(electronically through the Court's electronic filing system, by hand, or by overnight mail) are as follows:

| THE O'MARA LAW FIRM, P.C. | DICKINSON WRIGHT PLLC |
|---|---|
| David C. O'Mara (NV Bar 8599) | Michael N. Feder (NV Bar 7332) |
| 311 E. Liberty St. | 3883 Howard Hughes Pkwy., Suite 800 |
| Reno, Nevada 89501 | Las Vegas, Nevada 89169 |
| Tel: (775) 323-1321 | Tel: (302) 472-7300 |
| david@omaralaw.net | mfeder@dickinson-wright.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

10. Any Person who fails to object in the manner prescribed above shall be deemed to have waived such objection (including the right to appeal), unless the Court in its discretion allows such objection to be heard at the Settlement Hearing, and shall forever be barred from raising such objection in the Derivative Action or any other action or proceeding or otherwise contesting the Stipulation or the Fee and Expense Amount, and will otherwise be bound by the Final Judgment to be entered and the releases to be given.

11. At least twenty-one (21) calendar days prior to the Settlement Hearing, Plaintiff's counsel shall file with the Court a brief in support of the Settlement, including the Fee and Expense Amount. Any objections to the Settlement and/or the Fee and Expense Amount shall be filed and served no later than ten (10) calendar days prior to the Settlement Hearing.

12. At least five (5) calendar days prior to the Settlement Hearing, the Settling Parties may serve and file with the Court a response brief to any objections made by an Objector pursuant to Paragraph 9, above.

13. All proceedings in this Derivative Action (except proceedings as may be necessary to carry out the terms and conditions of the proposed Settlement) are hereby stayed and suspended until further order of the Court. Except as provided in the Stipulation, pending final determination of whether the Settlement should be approved, Plaintiff in the Derivative Action and all Sage stockholders are barred and enjoined from commencing, prosecuting, instigating, or in any way

participating in the commencement or prosecution of any action asserting any Released Claim against any of the Defendants or any of the Released Persons.

14. In the event that the Stipulation is not approved by the Court, the Settlement and any actions taken in connection therewith shall become null and void for all purposes, and all negotiations, transactions, and proceedings connected with it: (i) shall be without prejudice to the rights of any Settling Party thereto; (ii) shall not be deemed to be construed as evidence of, or an admission by any Settling Party of any fact, matter, or thing; and (iii) shall not be admissible in evidence or be used for any purpose in any subsequent proceedings in the Derivative Action or any other action or proceeding. The Settling Parties shall be deemed to have reverted to their respective status in the Derivative Action as of the date and time immediately prior to the execution of the Stipulation, and, except as otherwise expressly provided, the Settling Parties shall proceed in all respects as if the Stipulation and any related orders had not been entered, provided however that the Court will enter a new scheduling order for the case.

15. The Court may, for good cause shown, extend any of the deadlines set forth in this Order without further notice to anyone other than the Settling Parties to the Derivative Action and any Objectors.

**IT IS SO ORDERED.**

United States District Judge